| [FITZSIMMONS, Judge,
concurring.
Ordinarily, a contract lives and dies by its own terms. Those terms assume that both parties to the contract are competent to continue and perform their obligations or exercise their options. Under the circumstances, the waiver clearly indicates that both the insurance company and the agent were aware that the insured was terminally ill or totally disabled. Upon granting of the waiver, it would have been no burden on the insurance company or its agent to have included a clear and concise statement regarding the exercise of an impending material change in the policy. It is sad that the insurance company, who has an obligation to “pay” does not seem to have an obligation to “notify,” and can only hope that the insured through lack of expertise, combined with a terminal illness, would not exercise his option. Thus, the insurance company, which was contractually obligated to “convert” and ultimately “pay” would then just sit and wait for “time to pass.” At what point does the *751 acceptance of premiums over a period of time to cover the option of conversion create some, although minimal, obligation to “notify”? A contract of insurance is a unique relationship; it is not one of “here today, gone tomorrow”: underlying this relationship is an implied confidence that the insurance company, with its greater ^understanding of this continuing relationship, has created a corridor of communication not limited to “premium notices.” Therefore, I respectfully concur.